Edward L. BOYER, Administrator C.T.A., and Party at Interest as Heir at Law of the Estate of Florence L. Rice, deceased, Administration No. 96,757, Appellant,

v.

Orpha L. BEALOR, Executrix and Trustee of the Estate of Thomas M. Rice, deceased, Appellee.

No. 14981.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 28, 1959.

Decided Nov. 5, 1959.

Mr. Vivian O. Hill, Washington, D. C., with whom Mr. Talmadge M. Thorne, Washington, D. C., was on the brief, for appellant.

Mr. Edwin A. Mooers, Jr., Washington, D. C., with whom Mr. Edwin P. Marmorstone, Washington, D. C., was on the brief, for appellee.

Mr. Daniel B. Maher, Washington, D. C., guardian ad litem, for Florence L. Rice, now deceased.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

PER CURIAM.

Unless a widow is incompetent, she may renounce her husband's will and take what she would have taken had he died intestate. D.C.Code (1951) § 18–211. In the present case, before and also after the death of Florence Rice, an incompetent widow for whom guardians ad litem were appointed, the guardians concluded that the provision for her in her husband's will should be accepted. After the death of the widow, the District Court expressed its agreement with that view and entered an order accordingly.

The widow's administrator appeals from that order. He contends that because, under D.C.Code (1951) § 20–202, he was required to give bond to administer "all the money, goods, chattels, rights, and credits of the deceased * * *", it is for him to elect whether to accept or renounce the husband's will.

We held in 1943 that after the death of an incompetent widow, the District Court had authority "in her behalf" to elect whether the provision for her in her husband's will should be renounced.

Mead v. Phillips, 77 U.S.App.D.C. 365, 369, 371, 135 F.2d 819, 823, 825, 147 A.L.R. 322. The present case does not involve the question whether the court, the guardian ad litem, or neither, had that authority, for the court and the guardian have agreed that the provision should not be renounced. The incompetent widow's administrator has no such authority, because the widow herself had no such "right" when she died.

Affirmed.